UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MICHAEL BROWN RICHESIN, No. 7-04-10884 MA

Debtor.

_____

PHILIP J. MONTOYA,

    Plaintiff,

v.                                     Adversary No. 07-1034 M

DONALD W. RICHESIN and
MICHAEL B. RICHESIN,

    Defendants.

## ORDER ON MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY

THIS MATTER is before the Court on Defendant Michael B. Richesin's Motion to Dismiss ("Motion to Dismiss"). Plaintiff's complaint includes a claim under 11 U.S.C. § 542 seeking turnover of the stock of The Car Company, Inc. to the extent the value of such stock exceeds the Defendant's claimed exemption therein.[1] Defendant Michael Richesin ("Defendant-Debtor") asserts that because he transferred the shares of stock of The Car Company, Inc. to M.D. Lohman in 1999 as security for a promissory note, the adversary proceeding should be dismissed for failure to join M. D. Lohman as an indispensable party in accordance with Rule 19(b), Fed.R.Civ.P. Upon review of the Motion to Dismiss in light of the Complaint and the applicable Rules, the Court finds that M. D. Lohman is a necessary party with regard to Plaintiff's request for turnover of the stock; consequently, M. D. Lohman should be joined if

---

[1]*See* Complaint to Avoid Fraudulent or Post-Petition Transfer, to Recover Property for the Estate, and for Turnover ("Complaint"), ¶ 14.

feasible.

## DISCUSSION

Rule 19, Fed.R.Civ.P. applies to adversary proceedings.[2] It provides, in relevant part:

**Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . . .

Rule 19(a), Fed.R.Civ.P.

If a party who should be made a party under Rule 19(a), cannot be made a party,

the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Rule 19(b), Fed.R.Civ.P.

Thus, under Rule 19, Fed.R.Civ.P., whether a case should be dismissed for failure to join an indispensable party involves a two-part inquiry: first, the court must determine whether the party is necessary; second, if the party is necessary, but joinder is not feasible, the court must consider whether in equity in good conscience the case should proceed without that party.[3] If not, the

---

[2]*See* Rule 7019, Fed.R.Bankr.P. ("Rule 19 F.R.Civ.P. applies in adversary proceedings . . . .").

[3]*See Rishell v. Jane Phillips Episcopal Memorial Medical Center,* 94 F.3d 1407, 1411 (10th Cir. 1996) (stating that the determination of whether an absent party is indispensable requires a two-part analysis, first to determine whether the party is necessary, requiring joinder if feasible, and second, if the absent party is necessary, but cannot be joined, whether the party is indispensable)(citations omitted).

2

party is indispensable and dismissal is appropriate.[4]  But if the party is not a necessary party under Rule 19(a), the Court need not consider whether dismissal is appropriate under Rule 19(b); in other words, only if the party is both necessary *and* it is not feasible to join that party must the Court assess the factors contained in Rule 19(b), Fed.R.Civ.P. to determine whether the action should be dismissed or allowed to continue absent the necessary party.[5]  The party seeking to dismiss for failure to join an indispensable party bears the burden of persuasion.[6]

<u>M.D. Lohman is a Necessary Party</u>.

Paragraph 14. of the Complaint asserts that the Defendant-Debtor is required under 11 U.S.C. § 542 to turnover to the Plaintiff-Trustee the stock of The Car Company, Inc. to the extent its value exceeds the Defendant-Debtor's claimed exemption in the amount of $7022.00. The Complaint also asserts that the entire business must be turned over to the Plaintiff to the extent The Car Company, Inc. and Lomas Auto Mall, Inc. are alter egos. *Id.*  The prayer for relief includes the following requests:  1) to determine that The Car Company, Inc. and Lomas Auto Mall, Inc. alter egos of each other and are the sole property of the Defendant-Debtor such that the entire combined business operation must be turned over to the Plaintiff, subject only to the Defendant-Debtor's claim of exemption in the amount of $7022.00; and 2) to require the Defendant-Debtor to turnover to the Plaintiff  The Car Company, Inc., subject only to the

---

[4] *Id.*

[5] *See In re Norstan Apparel Shops, Inc.,* 367 B.R. 68, 84 (Bankr.E.D.N.Y. 2007) ("The court need not consider whether dismissal is warranted unless Rule 19(a)'s threshold standard is met.")(citing *Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1123 (2nd Cir. 1990)).

[6] *Rishell,* 94 F.3d at 1411 (quoting *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990)).

Debtor's claimed exemption therein.

Defendant-Debtor asserts that because he endorsed the reverse side of the stock certificate for the shares of The Car Company, Inc. and delivered the certificate to M. D. Lohman as security for a promissory note, complete relief cannot be accorded among those already present in the action.   This Court agrees.

Attached to Defendant-Debtor's Affidavit in support of the Motion to Dismiss is a copy of the stock certificate of The Car Company, Inc., for 5,000 shares, endorsed on the reverse side of the certificate to M. D. Lohman on September 9, 1999.[7]  Defendant-Debtor avers in his Affidavit that he endorsed and delivered the stock certificate to M. D. Lohman within the state of New Mexico on September 9, 1999.[8]  If the Plaintiff were to prevail on his request for turnover of the stock certificate, the parties already present in this action would not be able to turnover the stock certificate.  M. D. Lohman is, therefore, a necessary party within the meaning of Rule 19(a), Fed.R.Civ.P., because, absent his presence, compete relief cannot be accorded to the existing parties.

Plaintiff points out that he does not contest the security interest of M. D. Lohman in the stock of The Car Company, Inc., such that any recovery of the stock and subsequent sale of the stock by the Plaintiff would be subject to the security interest of Mr. Lohman.  Plaintiff thus reasons that because M. D. Lohman's interest is not impaired or challenged, he is not an *indispensable* party.  But M.D. Lohman has physical possession of the stock certificate.[9]   Thus,

---

[7]*See* Affidavit of Michael Richesin (Docket # 10), Exhibit 2.

[8]*See* Affidavit of Michael Richesin, ¶ 4.

[9]Defendant-Debtor asserts in his Motion to Dismiss that M. D. Lohman is the "owner" of the stock certificate based on the fact that Defendant-Debtor delivered the certificate to M.D.

4

because the stock of The Car Company, Inc. is now in the possession of M.D. Lohman, and because one of the Plaintiff's requests for relief is turnover of the stock certificate, M. D. Lohman is a *necessary* party within the meaning of Rule 19(a), Fed.R.Civ.P.

<u>M.D. Lohman Should be Joined if Feasible</u>

Having determined that M. D. Lohman is a necessary party, he should be joined, if feasible. There is no indication by either party to this proceeding that it is infeasible to join M. D. Lohman as a Defendant in this adversary proceeding. And because the cause of action at issue in this Motion to Dismiss is turnover of the stock certificate under 11 U.S.C. § 542 as property of the bankruptcy estate (a core proceeding[10]), joinder of M. D. Lohman would not affect this Court's subject matter jurisdiction. Plaintiff should, then, be given an opportunity to join M. D. Lohman. The determination that M. D. Lohman is a necessary party is limited to Plaintiff's request for turnover of the stock certificate itself. Plaintiff's remaining causes of action seeking a determination that The Car Company, Inc. and Lomas Auto Mall, Inc. are alter egos of each other and requesting turnover of The Car Company, Inc. business do not implicate M. D. Lohman; he is, therefore, not a necessary party to those causes of action within the meaning of Rule 19(a), Fed.R.Civ.P. Consequently, dismissal of those actions under Rule 19(b), Fed.R.Civ.P. is not appropriate.

WHEREFORE, IT IS HEREBY ORDERED, that M. D. Lohman be joined as a

---

Lohman, citing N.M.S.A. 1978 §§ 55-8-301(a)(1), 55-8-104(a)(1) and 55-8-302(a). This Order makes no determination as to the ownership of the stock at issue, but only accepts as true the factual allegation that M. D. Lohman has physical possession of the stock certificate.

[10]*See* 28 U.S.C. § 157(b)(2)(E) ("Core proceedings include. . . orders to turn over property of the estate").

5

Case 07-01034-m    Doc 14    Filed 10/03/07    Entered 10/03/07 11:03:49 Page 5 of 6

Defendant to this adversary proceeding within ten days of the date of entry of this order. Failure to join M. D. Lohman will result in dismissal of Plaintiff's cause of action requesting turnover of the stock certificate of The Car Company, Inc. now in the possession of M. D. Lohman.

                                        MARK B. McFEELEY
                                        United States Bankruptcy Judge

COPY TO:

Daniel J Behles
Attorney for Plaintiff
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

William F. Davis
Charles R. Hughson
Attorneys for Defendant Michael Richesin
6709 Academy NE, Suite A
Albuquerque, NM 87109

Russell C Lowe
Attorney for Defendant Donald Richesin
PO Box 90536
Albuquerque, NM 87199-0536